UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES J. FLEMING,<br><br>      Petitioner,<br><br>v.<br><br>KEITH YORDY, Warden,<br><br>      Respondent. | Case No. 1:14-cv-00544-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner James J. Fleming's Petition for Writ of Habeas Corpus. (Dkt. 1.) Respondent has filed a Motion for Summary Dismissal, arguing that all of Petitioner's claims are procedurally defaulted. (Dkt. 15.) The Motion is now ripe for adjudication.[1] (*See* Dkt. 15, 32, 33.)

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 13.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and

---

[1] Also pending is Petitioner's Motion to Lodge Records (Dkt. 27), in which Petitioner requests that the Court accept for lodging various records from Petitioner's state court proceedings. The Court will grant this Motion and has considered the records provided by Petitioner at Docket No. 27-1.

**MEMORANDUM DECISION AND ORDER - 1**

record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

Accordingly, the Court enters the following Order granting the Motion for Summary

Dismissal and dismissing this case with prejudice.

## BACKGROUND

Petitioner was charged in the First Judicial District in Shoshone County, Idaho,

with one count of lewd conduct with a minor under sixteen years of age, in violation of

Idaho Code § 15-1508, and two counts of sexual abuse of a child under sixteen years of

age, in violation of Idaho Code §§ 18-1506(1)(b) (sexual contact) and (c) (taking sexually

explicit photographs). (State's Lodging A-1 at 67-68.) All of these original counts

involved a single victim. Petitioner was later charged, in a separate case, with similar

crimes against a second victim.

Pursuant to a plea agreement, Petitioner entered an Alford[2] plea to one count of

lewd conduct involving the first victim and one count of sexual abuse involving the

second victim. (*Id*. at 83-84, 88; State's Lodging A-3 at 5-7.) Petitioner was sentenced to

a unified sentence of 40 years in prison with 15 years fixed on the lewd conduct count,

and a concurrent unified sentence of 25 years in prison with 15 years fixed on the sexual

abuse count. (State's Lodging A-1 at 122-23.) Petitioner then filed a motion for reduction

of sentence under Idaho Criminal Rule 35, but the motion was denied. (State's Lodging

A-4.)

---

[2]    **Error! Main Document Only.**An *Alford* plea is the equivalent of a guilty plea, the only
difference being that the defendant is not required to expressly admit guilt. *See North Carolina v. Alford*,
400 U.S. 25, 35 (1970) (holding that it is constitutionally permissible for a court to accept and sentence an
individual upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives
his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty.").

**MEMORANDUM DECISION AND ORDER - 2**

Petitioner filed a direct appeal, arguing only that his sentences were excessive and that the trial court abused its discretion in denying Petitioner's Rule 35 motion. (State's Lodging B-3.) The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. (State's Lodging B-5 & B-7.)

Petitioner next filed a petition for state postconviction relief, asserting numerous claims. (State's Lodging C-1; C-2 at 3-44.) Petitioner was appointed counsel. Petitioner's counsel initially filed a notice of intent to amend the petition, but later informed the court that Petitioner "instructed [counsel] to simply just go forward on the [original] petition and affidavit for postconviction relief" without filing an amendment. (State's Lodging C-2 at 64; C-3 at 5.) The state district court dismissed the petition, stating that Petitioner had shown no factual basis for his claims. (State's Lodging C-2 at 91; C-3 at 5-11.)

Petitioner appealed the trial court's dismissal of his postconviction petition, and Petitioner was appointed separate counsel for the appeal. However, counsel was granted permission to withdraw after Petitioner relieved his counsel and asked to represent himself. (State's Lodging D-4; D-5.) Petitioner filed his opening brief (State's Lodging D-7), but later moved to stay the appeal because his attorney had informed him previously that there were no cognizable issues on appeal and that Petitioner had filed a successive petition for postconviction relief in the state district court. (State's Lodging D-8 at 2.) The state objected to the motion to stay, after which Petitioner moved to dismiss the appeal "without prejudice." (State's Lodging D-9; D-10.) The Idaho Supreme Court

**MEMORANDUM DECISION AND ORDER - 3**

denied the motion because an appeal cannot be dismissed without prejudice. (State's Lodging D-11.)

After the state filed its response brief on appeal, Petitioner renewed his motion to dismiss, stating that he realized that the appeal could not be dismissed without prejudice and that Petitioner "should have just dismissed this appeal rather than proceed pro se" after his postconviction appellate counsel withdrew upon his request. (State's Lodging D-13 at 2.) The Idaho Supreme Court granted Petitioner's motion and dismissed the postconviction appeal. (State's Lodging D-14.)

Meanwhile, when Petitioner's appeal in his initial postconviction proceedings was still pending, Petitioner had submitted to the state district court—in the same case that was then on appeal—a document entitled "Successive Petition for Post-Conviction Relief."[3] (State's Lodging E-2.) Petitioner asserted six claims of ineffective assistance of trial counsel and one claim of ineffective assistance of initial postconviction counsel. (State's Lodging E-14.)

The district court notified Petitioner of its intent to dismiss the petition because, at that time, Petitioner's initial postconviction appeal was still pending. (State's Lodging E-3.) Following the voluntary dismissal of Petitioner's appeal, the state district court issued additional notices of intent to dismiss the successive petition, on grounds other than the formerly pending appeal. (State's Lodging E-7; E-10.)

---

[3]     Because Petitioner filed his "Successive Petition for Post-Conviction Relief" in the same case and under the same case number as his initial petition, the district court docketed the petition accordingly.

**MEMORANDUM DECISION AND ORDER - 4**

After Petitioner responded to the notices of intent to dismiss, the trial court dismissed the successive petition because the claims either (1) were raised in the initial petition, and Petitioner had not shown that they were raised inadequately, or (2) were *not* raised in the initial petition, and Petitioner had not shown a sufficient reason for their omission.[4] (State's Lodging E-7 at 11-15; State's Lodging E-10; E-12.) These grounds for dismissal were based on Idaho's successive petitions bar. *See* Idaho Code § 19-4908 ("All grounds for relief available to an applicant under this act must be raised in his original . . . application. Any ground finally adjudicated or not so raised . . . may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original . . . application.").

Petitioner appealed the trial court's dismissal of his successive petition. (State's Lodging F-1.) The trial court then denied Petitioner's motion for appointment of postconviction appellate counsel, concluding that the appeal was frivolous. (State's Lodging F-2.) Relying on the trial court's finding of frivolousness, the Idaho Supreme Court entered an order conditionally dismissed the appeal and allowing Petitioner to respond. (State's Lodging F-13.) After Petitioner responded, the court dismissed the appeal as frivolous. (State's Lodging F-5.)

---

[4]     The trial court also held that the claims were without merit. (State's Lodging E-7 at 11-15; State's Lodging E-10; E-12.) However, this merits-based conclusion does not change the fact that the court's primary basis for dismissal of the successive petition was the successive petitions bar.

**MEMORANDUM DECISION AND ORDER - 5**

In the instant federal habeas corpus petition, Petitioner asserts the following claims, all of which allege that Petitioner's trial counsel rendered ineffective assistance in violation of the Sixth Amendment:

Claim 1:    Counsel failed to conduct a meaningful pretrial investigation.

Claim 2:    Counsel failed to file a motion to suppress.

Claim 3:    Counsel failed to convey a plea offer made by the State.

Claim 4:    Counsel failed to provide constitutionally effective representation with respect to Petitioner's guilty plea.

Claim 5:    Counsel failed to investigate mitigating evidence in preparation for sentencing.

Claim 6:    Counsel failed to object to the "characterization" of Petitioner and the crimes of which Petitioner was convicted.

(Dkt. 1-3.)

## DISCUSSION

### 1.    Standards of Law

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in

determining whether to dismiss a petition.[5] Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear

---

[5]     The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 14, 25, 26, 31.)

**MEMORANDUM DECISION AND ORDER - 7**

that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

If a petitioner's claim is procedurally defaulted, a federal district court cannot hear the merits of the claim unless the petitioner meets one of two exceptions: (1) a showing

**MEMORANDUM DECISION AND ORDER - 8**

of adequate legal cause for the default and prejudice arising from the default, or (2) a

showing of actual innocence, which means that a miscarriage of justice will occur if the

constitutional claim is not heard in federal court. *Murray v. Carrier*, 477 U.S. 478, 488

(1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Neither an assertion of cause and

prejudice nor an assertion of actual innocence under *Schlup* is an independent

constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently

established by the petitioner, allow a federal court to consider the merits of an otherwise

procedurally-defaulted constitutional claim.

## 2.      Petitioner's Claims Are Procedurally Defaulted

The most straightforward manner in which to resolve the procedural default status

of Petitioner's federal claims is to review which claims were raised and addressed on the

merits in the state court appellate proceedings.

The only claims that the Idaho appellate courts decided on the merits were the

claims that Petitioner's sentences were excessive under Idaho law and that the trial court

abused its discretion in denying Petitioner's Rule 35 motion. (State's Lodging B-3.)

Neither of these claims is included in the Petition. Even if such claims had been included

in the Petition, they would fail because claims based on alleged violations of state law are

not cognizable on federal habeas review. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Petitioner raised Claims 1, 2, and 5 in his initial petition for state postconviction

relief. (State's Lodging C-2 at 30-31.) However, the Idaho appellate courts did not

address them on the merits because Petitioner voluntarily dismissed his appeal. Thus,

**MEMORANDUM DECISION AND ORDER - 9**

those claims were not properly exhausted. Because it is now too late to raise those claims in state court, Claims 1, 2, and 5 are procedurally defaulted. *Gray*, 518 U.S. at 161-62.

Petitioner's successive postconviction petition reasserted Claims 1, 2, and 5, and added Claims 3, 4, and 6. (State's Lodging E-14.) The trial court dismissed the successive petition pursuant to Idaho Code § 19-4908, which prohibits successive petitions unless the petitioner can establish a sufficient reason why the claims either were omitted from, or inadequately raised in, the initial postconviction petition. This Court has already held that the successive petitions bar of Idaho Code § 19-4908 is an adequate and independent state procedural ground, and Petitioner has not persuaded the Court to reconsider that conclusion. *See, e.g., Gallegos v. Yordy*, No. 1:15-CV-00316-REB, 2016 WL 4186915, at *5 (D. Idaho Aug. 8, 2016); *McCormack v. Baldridge*, No. 1:10-cv-00289-EJL, 2012 WL 4138479, at *5-6 (D. Idaho Sept. 19, 2012).

For the foregoing reasons, Petitioner's claims are procedurally defaulted.

## 3. Petitioner Has Not Shown Cause and Prejudice, or Actual Innocence, to Excuse the Procedural Default of His Claims

Petitioner asserts both cause and prejudice and actual innocence to excuse the default of his claims. (Dkt. 32 at 8-13.) *See Coleman*, 501 U.S. at 731; *Schlup*, 513 U.S. at 329; *Murray*, 477 U.S. at 488.

### A. Traditional, or Coleman, Cause and Prejudice

To show "cause" for a procedural default under a traditional cause-and-prejudice analysis, a petitioner must demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue.

**MEMORANDUM DECISION AND ORDER - 10**

*Coleman*, 501 U.S. at 731; *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

According to Petitioner, he is excused from the default of his claims because the trial court should have construed his successive petition for postconviction relief as an amended petition in his initial postconviction proceedings. Petitioner asserts that, because the state court filed his successive petition under his initial petition's case number, it was error for that court to apply the standards of a successive petition.

Petitioner's argument is without merit. Petitioner himself labeled his pleading a "Successive Petition for Post-Conviction Relief." (State's Lodging E-2.) The state court can hardly be blamed for treating the petition as successive when Petitioner used such a clear and conspicuous title indicating that it was intended as such. Further, allowing petitioners to avoid the successive petitions bar by intentionally filing their successive petitions under their initial case numbers would elevate form over substance.

Thus, the state court's treatment of the petition as successive does not constitute cause to excuse the default.

### B.   *Cause and Prejudice under* Martinez v. Ryan

Petitioner also argues that his initial postconviction counsel "chose to not represent [Petitioner] to the fullest." (Dkt. 32 at 8.) This amounts to an assertion that

**MEMORANDUM DECISION AND ORDER - 11**

ineffective assistance of postconviction counsel constitutes cause to excuse the default of Petitioner's underlying claims of ineffective assistance of trial counsel.

i.   Standards of Law

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, the general rule is that any errors of counsel during a postconviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which worked a "remarkable" equitable change in the law governing procedurally defaulted ineffective assistance of counsel ("IAC") claims. *Lopez v Ryan*, 678 F.3d 1131, 1136 (9th Cir. 2012). *Martinez* applies only to procedurally defaulted claims of ineffective assistance of counsel. *Martinez*, 132 S. Ct. at 1315 ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."); *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293-94 (9th Cir. 2013) (extending *Martinez* to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1127 (9th Cir. 2013) (declining to extend *Martinez* to an underlying claim under *Brady v. Maryland*, 373 U.S. 83 (1963).

The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of counsel must be a "substantial" claim; (2) the "cause" for the procedural

**MEMORANDUM DECISION AND ORDER - 12**

default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the ineffective assistance of trial counsel claim could have been brought; and (4) state law requires that an ineffective assistance of counsel claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 133 S. Ct. 1911, 1918, 1921 (2013). Because Idaho, as a practical matter, requires IAC claims to be raised in collateral proceedings instead of on direct appeal, *Martinez* applies in this state if ineffective assistance of initial postconviction review ("PCR") counsel causes the default of a substantial claim of ineffective assistance of trial or direct appeal counsel.

To be entitled to application of the *Martinez* exception, a petitioner must first bring forward facts demonstrating that his underlying IAC claim is substantial. The United States Supreme Court has defined "substantial" as a claim that "has some merit." *Martinez*, 132 S. Ct. at 1318 (comparing the standard for certificates of appealability from *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). Stated inversely, a claim is "*in*substantial" if "it does not have any merit or . . . is wholly without factual support." *Id.* at 1319.

Determining whether an IAC claim is substantial requires a federal court to examine the claim under *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner asserting ineffective assistance of counsel under *Strickland* must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

**MEMORANDUM DECISION AND ORDER - 13**

defendant by the Sixth Amendment," and (2) counsel's errors "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

Under the first *Strickland* prong, whether an attorney's performance was deficient is judged against an objective standard of reasonableness. *Id.* at 687-88. A reviewing court's inquiry into the reasonableness of counsel's actions must not rely on hindsight:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689 (internal citations and quotation marks omitted).

Strategic decisions, such as the choice of a defense or which witnesses or other evidence to present, "are virtually unchallengeable" if "made after thorough investigation of law and facts relevant to plausible options." *Id.* at 690. Moreover, an attorney who decides not to investigate a particular theory or issue in the case is not ineffective so long as the decision to forego investigation is itself objectively reasonable. *Id.* at 690-91.

**MEMORANDUM DECISION AND ORDER - 14**

If a petitioner shows that counsel's performance was deficient, the next step in the *Strickland* inquiry is the prejudice analysis. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To satisfy the prejudice standard, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as a "probability sufficient to undermine confidence in the outcome." *Id.* As the *Strickland* Court instructed:

> In making [the prejudice] determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Id.* at 695-96.

These standards from *Strickland* for determining deficient performance and prejudice, are, of course, the standards for an eventual review of the merits of the underlying IAC claim. The question whether an IAC claim is substantial under *Martinez* is not the same as a merits review; rather, it is more akin to a preliminary review of a

**MEMORANDUM DECISION AND ORDER - 15**

*Strickland* claim for purposes of determining whether a certificate of appealability should issue. *See Martinez*, 132 S. Ct. at 1318-19. Therefore, a court may conclude that a claim is substantial when a petitioner has shown that resolution of the merits of the *Strickland* claim would be "debatable amongst jurists of reason" or that the issues presented are "adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted). Thus, to determine whether a claim is substantial, *Martinez* requires the district court to *review* but not *determine* whether trial or appellate counsel's acts or omissions resulted in deficient performance and in a reasonable probability of prejudice, and to *determine* only whether resolution of the merits of the IAC claim would be debatable among jurists of reason and whether the issues are deserving enough to encourage further pursuit of them. *See Smith v. Ryan*, 823 F.3d 1270, 1296 (9th Cir. 2016) ("[T]o assess whether [the petitioner] has satisfied the first prong required to excuse his procedural default under *Dickens* [and *Martinez*, 132 S. Ct. at 1318], we conduct a *preliminary assessment* of his underlying claim.") (emphasis added).

In addition to showing that the underlying IAC claim is substantial, a petitioner seeking to invoke the *Martinez* exception must also show either that he had no counsel on initial postconviction review, or that his PCR counsel was "ineffective under the standards of *Strickland*." 132 S. Ct. at 1318. Again, "ineffectiveness" is a term defined by *Strickland* as (1) deficient performance and (2) a reasonable probability of prejudice caused by the deficient performance. 466 U.S. at 694, 700.

**MEMORANDUM DECISION AND ORDER - 16**

Not just any error or omission of PCR counsel will be deemed "deficient performance" that will satisfy *Martinez*. If the PCR "attorney in the initial-review collateral proceeding did not perform below constitutional standards," the PCR attorney's performance does not constitute "cause." *Martinez*, 132 S. Ct. at 1319. The *Strickland* standards for analyzing deficient performance set forth above apply with equal force to PCR counsel in the context of a *Martinez* argument. Importantly, PCR counsel "is not necessarily ineffective for failing to raise even a nonfrivolous claim." *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012).

If PCR counsel's performance is deficient, then the court must consider whether that performance was prejudicial under *Strickland*. *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015) (en banc). The petitioner must show a reasonable probability that, if PCR counsel had not performed deficiently, the result of the postconviction proceedings would have been different. *Pizzuto v. Ramirez*, 783 F.3d 1171, 1179 (9th Cir. 2015).

> ii.    Petitioner Has Not Established Cause and Prejudice under *Martinez v. Ryan*

Petitioner's claims of ineffective assistance of trial counsel are insubstantial. Petitioner has not provided the Court with *any* credible evidence that Petitioner's trial counsel engaged in conduct that was objectively unreasonable or that he was prejudiced by such conduct. Because his claims are insubstantial, PCR counsel did not render ineffective assistance during the initial postconviction proceedings.

**MEMORANDUM DECISION AND ORDER - 17**

C.      *Actual Innocence*

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage of justice exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, it must be more likely than not that *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual

**MEMORANDUM DECISION AND ORDER - 18**

innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Just as Petitioner did not submit evidence that his trial counsel rendered ineffective assistance, he has also failed to submit any credible evidence that he is actually innocent. Therefore, he has not met the extremely high burden required for the Court to apply the miscarriage of justice exception.

## CONCLUSION

Petitioner's claims are procedurally defaulted, and he has not established cause and prejudice, or actual innocence, to excuse the default. Therefore, this entire action must be dismissed.

## ORDER

**IT IS ORDERED:**

1.    Petitioner's Motion to Lodge Records (Dkt. 27) is GRANTED.

2.    Respondent's Motion for Summary Dismissal (Dkt. 15) is GRANTED, and the Petition (Dkt. 1) is DISMISSED with prejudice.

3.    The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

**MEMORANDUM DECISION AND ORDER - 19**

§ 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If

Petitioner files a timely notice of appeal, the Clerk of Court shall forward a

copy of the notice of appeal, together with this Order, to the United States

Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of

appealability from the Ninth Circuit by filing a request in that court

DATED: **September 7, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 20**